```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                       FOR THE DISTRICT OF HAWAII

 3
     UNITED STATES OF AMERICA,      )  CRIMINAL NO. 14-00010-HG
 4                                  )
               Plaintiff,           )  Honolulu, Hawaii
 5                                  )  April 8, 2014
          vs.                       )  3:00 P.M.
 6                                  )
     JENNIFER ANN McTIGUE, (1)      )  Motion for Withdrawal of
 7                                  )  Counsel
               Defendant.           )
 8   _____)
                                    X
 9
                       TRANSCRIPT OF PROCEEDINGS
10             BEFORE THE HONORABLE BARRY M. KURREN
                 UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For the Government:        Kenneth M. Sorenson
13                              Office of the United States Attorney
                                Prince Kuhio Federal Building
14                              300 Ala Moana Blvd Ste 6100
                                Honolulu, HI 96850
15
     For Defendant (1):         Rustam Barbee
16                              Law Office of Rustam A. Barbee
                                1188 Bishop St Ste 2606
17                              Honolulu, HI 96813

18
     Official Court             Cynthia Ott, RMR, CRR
19   Transcriber:               United States District Court
                                300 Ala Moana Blvd, Room C270
20                              Honolulu, Hawaii  96850

21

22

23

24
     Proceedings recorded by digital electronic recording,
25   transcript produced with computer-aided transcription (CAT).
```

```
 1   TUESDAY, APRIL 8, 2014                                3:00 P.M.
 2            THE CLERK:  Criminal 14-00010-HG, United States of
 3   America versus Defendant 1, Jennifer Ann McTigue.  This hearing
 4   has been called on a motion for withdrawal of counsel.
 5   Counsel, appearances for the record, please.
 6            MR. SORENSON:  Good afternoon, Your Honor.  Ken
 7   Sorenson here for the government.
 8            THE COURT:  Good afternoon.
 9            MR. BARBEE:  Good afternoon, Your Honor.  Rustam
10   Barbee appearing with Jennifer Ann McTigue.  She's present in
11   court.
12            THE COURT:  Yes, good afternoon.  Well, Mr. Barbee,
13   what's going on here?
14            MR. BARBEE:  I don't have -- well, I guess I do have
15   something to add to the motion I filed.  The afternoon or the
16   day after I filed the motion, I became aware that in addition
17   to the letter terminating counsel for cause, which I referred
18   to in my declaration, that Mrs. McTigue had actually filed a
19   civil lawsuit naming me as a defendant in Civil Number
20   14-00152EKW.
21            On March 31st, Judge Watson entered an order
22   dismissing that complaint with prejudice, and then I guess
23   today Mrs. McTigue has filed a notice of motion to vacate void
24   judgment, still naming me as a defendant, among others.  So I
25   think, you know, based upon the record here, that I cannot
```

1    proceed to represent her while she's suing me civilly and
2    making allegations that I cannot (inaudible).
3            THE COURT:  So, Mrs. McTigue, you want to represent
4    yourself in this case?
5            THE DEFENDANT:  No, but I would like a competent
6    counsel.  For the record, I really like Mr. Barbee, but we just
7    have a difference of opinions.  And I -- because I read the FBI
8    letters they sent to me regarding the forfeiture and seizures,
9    they said you need to file a claim in regards to the seizure of
10   your property pursuant to title, all these different statutes.
11           So I studied those statutes.  I realized that any
12   forfeiture or seizure of property is an admiralty procedure, so
13   that's why I filed my libel of review as the claim for my
14   property.  So I need a counsel that is proficient in
15   supplemental rules of admiralty and administrative procedure.
16           THE COURT:  So this wasn't a lawsuit against him
17   indicating he is doing something wrong in your case?
18           THE DEFENDANT:  Well, I do feel like that we have a
19   difference of opinions.  I feel that he told me things that I
20   don't believe to be 100 percent true.  He said that I can't
21   have discovery.  He waived my rights to certify the charges on
22   the record, which I would have never done and which I would
23   like to correct today.  He doesn't have a good understanding of
24   administrative procedure, which is used in all IRS and banking
25   cases today.

1           He doesn't understand admiralty.  He didn't catch the
2   fact that Nick Baron, the FBI agent who filed --
3           THE COURT:  I don't know what you're talking about
4   admiralty.  Admiralty has nothing to do with any of this.  Now,
5   I mean there may be -- I'm not going to get into an argument
6   with you about it.
7           THE DEFENDANT:  Okay.
8           THE COURT:  But for the life of me, you know, I can't
9   understand, you know, where you are coming from on that point.
10  I mean, if you want to challenge the forfeiture, there
11  certainly are ways and procedures to challenge the forfeiture,
12  but it isn't through any kind of admiralty jurisdiction.  I'll
13  tell you that.
14          So I mean, that's -- I don't really know what you're
15  talking about.
16          MR. SORENSON:  Your Honor, maybe I can shed some light
17  on that.  I believe what she's referring to is that the
18  supplemental rules for admiralty procedures govern some of the
19  procedures for forfeiture actions and --
20          THE COURT:  But it doesn't transform this into some
21  sort of admiralty case.
22          MR. SORENSON:  No, no, it does not.  It does not.  In
23  fact, the law is pretty clear on what civil claimants need to
24  do in civil forfeiture actions when we seize property, pursuant
25  to our seizure warrant authority.  Then I think she's referring

1  to Capper, which is --
2         THE COURT:  See, here's the other thing, a lawyer
3  defending you in this case is not going to be representing you
4  in connection with civil forfeiture proceedings.
5         THE DEFENDANT:  Okay.  But I did find, pursuant to 18
6  USC 306(a), as set forth in 18 USC 983(b)(1)(A), it says that
7  provided in relation to the libel, it says, provided that
8  appointed counsel in a criminal matter must also handle the
9  civil.  So in order to do that, the counsel needs to be
10 familiar with United States administrative procedure and
11 admiralty law and supplemental rules of procedure.
12        THE COURT:  Well, you know --
13        MR. SORENSON:  Well, possibly shortcutting that, Your
14 Honor, we went ahead and filed a criminal forfeiture as part of
15 the indictment in this case.
16        THE COURT:  And that's where --
17        MR. SORENSON:  Thereby kind of nullifying all of the
18 civil talk.
19        THE COURT:  Well, that's --
20        MR. SORENSON:  And now this has become a criminal
21 forfeiture.
22        THE COURT:  Right.
23        MR. SORENSON:  So it's something that's within the
24 bailiwick of her defense counsel, and I think Russ
25 understands --

1         THE COURT: On the criminal case, on the criminal
2    side?
3         MR. SORENSON: Yes. Yes.
4         THE COURT: Well, I guess what I need to decide here
5    is whether there's anything that can be repaired or resolved
6    between the two of you. I take it you -- what is your position
7    about Mr. Barbee's request to withdraw?
8         THE DEFENDANT: I mean, I'm fine with that. I think
9    it would be better considering the circumstances.
10        THE COURT: He's one of the better lawyers on our
11   Criminal Justice Act panel, I have to tell you that. I mean,
12   if there's a breakdown in the attorney-client relationship
13   between you, I mean, I have no choice, but I'm not going to go
14   through a cycle --
15        THE DEFENDANT: Right.
16        THE COURT: -- of lawyer after lawyer, just won't
17   happen.
18        THE DEFENDANT: I understand that. But one thing
19   specifically, which was kind of the reason for all of this was
20   because he said to me, Jennifer, you have three choices, you
21   can have me as your attorney, you can have me as your -- I
22   don't know if it's called co-counsel.
23        MR. BARBEE: Standby.
24        THE DEFENDANT: Standby attorney.
25        THE COURT: Right.

```
 1              THE DEFENDANT:  Or you can do it alone.  And I said,
 2    okay, because I'm leaning towards the co-counsel, and then he
 3    said, but, if you need to challenge jurisdiction, I can't be a
 4    part of that, so.
 5              THE COURT:  The --
 6              THE DEFENDANT:  The possibility of me challenging
 7    jurisdiction is high.  So if he -- he already told me he can't,
 8    so.
 9              THE COURT:  What are you talking about?  What do you
10    mean?
11              THE DEFENDANT:  Well, if I --
12              THE COURT:  Mr. Barbee, what is it that you are
13    suggesting here?
14              MR. SORENSON:  Your Honor, I think maybe at this
15    stage, perhaps government counsel should leave since there may
16    be some kind of strategic discussion or attorney-client
17    communications that --
18              THE COURT:  You know, that may be a point.
19              MR. SORENSON:  I would probably be better not --
20              THE COURT:  I'm going to have a private discussion
21    with you.  And I'll clear the courtroom and the record will be
22    under seal.
23              (Sealed portion not included herein.)
24              THE COURT:  Well, now we're back on the record in open
25    court.  I, you know, reluctantly, but I think I'm compelled to
```

```
 1   the conclusion that there is a breakdown in the attorney-client
 2   relationship here and, therefore, will grant the motion for
 3   withdrawal.  I'll appoint another attorney off of the panel to
 4   represent you and, Mr. Barbee, if you would assist in the
 5   transition of the file material to new counsel --
 6             MR. BARBEE:  Yes, Your Honor.
 7             THE COURT:  -- and apprise counsel of deadlines and
 8   dates in the case.
 9             MR. BARBEE:  Yes, Judge.
10             THE COURT:  Okay.  Anything else to take up?
11             MR. SORENSON:  Not at this --
12             THE COURT:  I didn't ask whether you had any position
13   on the matter, but as an afterthought --
14             MR. SORENSON:  It's the same level of respect I
15   usually get.
16             THE COURT:  Indeed.
17             MR. SORENSON:  No.  No.
18             THE COURT:  But anyway --
19             MR. SORENSON:  Yeah, indeed.
20             THE COURT:  -- I take it you don't have any position?
21             MR. SORENSON:  No, Your Honor.  I understand that,
22   obviously, conversations occurred and I trust the court's
23   judgment on this.
24             THE COURT: Okay.  Thanks.  Okay.  So that's the way
25   it goes.  We'll have a new lawyer on board and, hopefully, this
```

```
 1   will work out better.  Okay?
 2             THE DEFENDANT:  Thank you.
 3             MR. BARBEE:  Thank you, Judge.
 4        (The proceedings concluded at 3:25 p.m., April 8, 2014.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

10

| | |
|---|---|
| 1 | TRANSCRIBER'S CERTIFICATE |
| 2 | |
| 3 | I, CYNTHIA R. OTT, Official Court Transcriber, United |
| 4 | States District Court, District of Hawaii, Honolulu, Hawaii, do |
| 5 | hereby certify that pursuant to 28 U.S.C. §753 the foregoing is |
| 6 | a true, complete and correct transcript from the electronic |
| 7 | sound recording of the proceedings had in connection with the |
| 8 | above-entitled matter and that the transcript page format is in |
| 9 | conformance with the regulations of the Judicial Conference of |
| 10 | the United States. |
| 11 | |
| 12 | DATED at Honolulu, Hawaii, August 6, 2014. |
| 13 | |
| 14 | _____/s/ CYNTHIA R. OTT_____ |
| 15 | CYNTHIA R. OTT, RMR, CRR |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |