ORIGINAL

McTigue, Jennifer Ann
1050 Bishop Street, Suite 188
Honolulu, Hawaii 96813
Telephone: 808-636-4199
Facsimile: 866-703-2417
Email: jenn.mctigue@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 29 2014

at 12 o'clock and 07 min. P M
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br>DECEDENT PLAINTIFF, | Case No: 1:14-cr-00010-HG<br><br>Seizure Case Numbers: 14-0029 BMK through 14-0050 BMK |
| v. | OMNIBUS MOTION TO SUPPRESS EVIDENCE AND FOR RETURN OF SEIZED PROPERTY, UNDER A FICTITIOUS INDICTMENT, FICTITIOUS SUBPOENA, AND SEARCH AND SEIZURE WARRANT UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULES 41(h), RULE 12(b)(3)(B) and LOCAL CRIMINAL RULE 47(a-d); AFFIDAVIT IN SUPPORT OF OMNIBUS MOTION TO SUPPRESS EVIDENCE AND FOR RETURN OF SEIZED PROPERTY, UNDER A FICTITIOUS INDICTMENT, FICTITIOUS SUBPOENA AND SEARCH AND SEIZURE WARRANT UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULES 41(h), RULE 12(b)(3)(B) and LOCAL CRIMINAL RULE 47; EXHIBITS 1 THROUGH 14; CERTIFICATE OF SERVICE |
| JENNIFER ANN MCTIGUE®<br>INFANT DECEDENT DEFENDANT | |

COMES NOW McTigue, Jennifer Ann, by Special Appearance without waiving Any Rights, Remedies or Defenses, Statutory or Procedural, by Notice through a Deposit for a Special Purpose, in the capacity of Grantor, Heir and Beneficiary of the Legal Estate of the decedent JENNIFER ANN MCTIGUE® by Intestate Succession through Descent and Distribution, and moves this court for

an order Suppressing the fruits and Fictitious Evidence, Fictitious Indictment, Fictitious Seizure Warrant and any and all documents, including but not limited to Fictitious Declarations and Fictitious Affidavits in Support Thereof, attached to the same **cognizable as involved in a Case of first impression**, because of violations of the PUBLIC POLICY Federal Criminal Rule 41(b), 41(c), 41(d)(2)(B and C) and PUBLIC POLICY Title 18 § 2703, 2705, and 2711 based on the following grounds and is supported by all papers and documents on file with the Court Clerks Office and the attached Affidavit in Support.

1. I, McTigue, Jennifer Ann hereby include by reference as though fully contained herein the factual statements made in support of this motion and in support of the evidence attached to my AFFIDAVIT IN SUPPORT OF OMNIBUS MOTION TO SUPPRESS EVIDENCE AND FOR RETURN OF SEIZED PROPERTY, UNDER A FICTITIOUS INDICTMENT, FICTITIOUS SUBPOENA AND SEARCH AND SEIZURE WARRANT UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULES 41, RULE 12(b)(3)(B) and LOCAL CRIMINAL RULE 47. ("Affidavit in Support")

2. I, McTigue, Jennifer Ann do hereby, on, in, and for the record accept the open offer of the Oath of Office of presiding Judge Helen M. Gillmor to support, defend and be bound by the limitations placed upon her by the Constitution of the United States of America, and seek her assistance in enforcing compliance with the Constitutional limitations placed upon the Federal Actors named herein.

3. The facts before the court, submitted by sworn affidavit, must be addressed **cognizable as involved in a Case of first impression**, and this Court must issue its findings of fact, point by point, on the record under PUBLIC POLICY of FRCRP, Rule 12(b)(2)(d).

4. This Court has a binding duty to uphold PUBLIC POLICY and to enforce the limitations placed upon Federal Actors by the Constitution of the United States of America and International Law as the supreme law of the land.

5. This Court has a binding duty to recognize McTigue, Jennifer Ann's Affirmative Defense and Claim for Contribution and Indemnification under a maritime insurance policy and Article 39 of the Lieber Code, as the only claim that does not violate PUBLIC POLICY.

6. The facts outlined in the Affidavit in Support establish that Agent Nick Baron violated PUBLIC POLICY Title 2703(b) which states in pertinent part:

> (1) A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection—
> (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction; or
> (B) **with prior notice from the governmental entity to the subscriber or customer** if the governmental entity—
> (i) **uses an administrative subpoena** authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena; or
> (ii) obtains a court order for such disclosure under subsection (d) of this section;
> except that **delayed notice may be given** pursuant to section 2705 of this title.

7. The facts outlined in the Affidavit in Support establish that Agent Nick Baron violated PUBLIC POLICY Title 2705(a)(1)(B) which states:

*(B) where an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury subpoena is obtained, delay the notification required under section 2703 (b) of this title for a period **not to exceed ninety days** upon the execution of a written certification of a supervisory official that there is reason to believe that notification of the existence of the subpoena may have an adverse result described in paragraph (2) of this subsection.*

8. I, McTigue, Jennifer Ann, certify to this Court that I have never received notice from Nick Baron of the administrative grand jury subpoena for the electronic stored data.

9. The facts outlined in the Affidavit in Support establish that Agent Nick Baron used the fruits of his unlawful search and seizure to obtain further search and seizure warrants in violation of the Fourth, Fifth and Sixth Amendments of the Constitution.

10. The facts outlined in the Affidavit in Support establish that Agent Nick Baron violated PUBLIC POLICY Rule 41(b), 41(c) and 41(d)(2)(B and C) for the use of unlawfully seized evidence, for failure to provide a valid affidavit and for failure to record testimony given or a valid transcript under Rule 41(d)(2)(C).

11. The facts outlined in the Affidavit in Support establish that Federal Actor Kenneth M. Sorenson violated PUBLIC POLICY and the Constitution by filing a fictitious indictment with this Court thereafter admitting that a grand jury has not yet been convened.

12. The facts outlined in the Affidavit in Support establish that Federal Actor Kenneth M. Sorenson continues to violate PUBLIC POLICY by concealing facts and discoverable exculpatory evidence from McTigue, Jennifer Ann also in violation of the Fourth, Fifth and Sixth Amendments to the Constitution.

**RELIEF AND REMEDY REQUESTED**

13. I, McTigue, Jennifer Ann request this Court review this Motion, the Affidavit in Support and Exhibit 1 attached thereto and exercise its power to grant the following relief:

- That this Court issue an order that the Federal Actors return of all Property, Real and Personal, to McTigue, Jennifer Ann immediately.

- That this Court issue an Order from this Court suppressing all evidence obtained by Nick Baron and the Prosecution through the unlawful grand jury subpoena as fruit of the poisonous tree.

- That this Court issue an Order from this Court suppressing all evidence obtained by Nick Baron and the Prosecution through the unlawful search and seizure warrants issued by Judge Barry M. Kurren as fruit of the poisonous tree, and for an Order that the parties return all Property, Real and Personal, to McTigue, Jennifer Ann immediately.

- That this Court issue Declaratory Judgment from this Court that the UNITED STATES DISTRICT COURT DISTRICT OF HAWAII and MAGISTRATE BARRY M. KURREN is and was acting without Subject Matter and In Personam Jurisdiction, when He signed the Fictitious, Search and Arrest Warrants without Probable Cause.

- That this Court Issue Declaratory Judgment that the above de facto Officers and Unregistered Foreign Agents/Employees of the U.S. Attorney General Office a.k.a. the Alien Property Custodian, acting under color of law, are liable for Contribution and Indemnity to McTigue, Jennifer Ann for False Arrest, False Imprisonment, Impersonating Judicial Officers and for forging Legal and Judicial Documents under Color of Law in the Principle amount of 10,000,000.00 U.S. DOLLARS.

WHEREFORE, for the reasons established herein and in the Affidavit in Support, McTigue, Jennifer Ann moves this Court for the relief requested herein, and for any all other just relief under her claim of indemnity for contribution.

Dated this 29th day of August, 2014

_____
Mctigue Jennifer Ann
All Rights and Remedies Reserved