McTigue, Jennifer Ann
1050 Bishop Street, Suite 188
Honolulu, Hawaii 96813
Telephone:  808-636-4199
Facsimile:  866-703-2417
Email:  jenn.mctigue@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA
DECEDENT PLAINTIFF,

v.

JENNIFER ANN MCTIGUE®
INFANT DECEDENT DEFENDANT

Case No:   1:14-cr-00010-HG

Seizure Case Numbers: 14-0029 BMK through
14-0050 BMK

AFFIDAVIT IN SUPPORT OF OMNIBUS
MOTION TO SUPPRESS EVIDENCE AND
FOR RETURN OF SEIZED PROPERTY,
UNDER A FICTITIOUS INDICTMENT,
FICTITIOUS SUBPOENA AND SEARCH
AND SEIZURE WARRANT
UNDER FEDERAL RULES OF CRIMINAL
PROCEDURE, RULES 41(h), RULE
12(b)(3)(B) and LOCAL CRIMINAL RULE
47; EXHIBIT 1

---

I, McTigue, Jennifer Ann being duly sworn under Oath, being of sound mind, of the age

of majority and being a Competent Fact Witness under the Federal Rules of Evidence

Rule 601, with personal knowledge under Rule 602 depose and state the following;

I am judicially noticing this UNITED STATES DISTRICT COURT under Federal Rules of

Evidence ("FRE"), Rule 201 the entirety of the following evidence and material facts that

are not subject to reasonable dispute, are readily verifiable through public and

government sources subject to FRE Rule 902 and are supported by this affidavit which

the Court has a duty to address each fact, point by point, and on the record under

Public Policy of Federal Rules of Criminal Procedure("FRCRP"), Rule 12(b)(2)(d):

1.  That the fictitious Federal Actors/Prosecutors operating as Trustees de Son Tort, KENNETH M. SORENSON, Assistant U.S. Attorney, FLORENCE T. NAKAKUNI # 2286, LESLIE E. OSBORNE, JR. # 3240, and the de facto UNITED STATES DISTRICT COURT DISTRICT OF HAWAII are hereby notified under Federal Rules of Evidence ("FRE") Rule 201, 404, 901, 902, 903 and 1007, that the DECLARATION OF KENNETH M. SORENSON dated the Seventh (7th) Day of January, 2014 and filed with the Court in support of the Seizure Warrants named herein, contains an admission that there was no GRAND JURY INDICTMENT  ON THE 3RD DAY OF January, 2014.

2.  That his admission, that no grand jury had been convened prior to the signing of His Declaration, was made upon presentment to UNITED STATES DISTRICT COURT MAGISTRATE BARRY M. KURREN on the 7th day of January, 2014 at Paragraph # 2, to obtain Search and Seizure Warrants, sworn under penalty of perjury under PUBLIC POLICY Title 28 § 1746. The Declaration at paragraph 2 states:

> "I am informed and believe that said investigation is on-going and will continue beyond the date of service of the warrant and filing of the return thereon **until the matter is presented to the grand jury for indictment** or other disposition."
> [emphasis added]

3.  That I am requesting judicial notice under FRE Rule 201 of the DECLARATION OF KENNETH M. SORENSON Attached hereto as **Exhibit 1.**

4.  That the grand jury subpoena issued by Nick Baron to obtain stored electronic mail correspondence was also in violation of PUBLIC POLICY Title 18 § 2703(b)(1)(A) and 2703(b)(1)(B), without delivering the mandatory notice to McTigue, Jennifer Ann on or before the expiration of 90 days, in violation of PUBLIC POLICY Title 18 § 2705.

## EVIDENCE OF PROSECUTORIAL AND JUDICIAL MISCONDUCT & VINDICTIVE PROSECUTION

### I. Failure in the indictment, failure to impanel a grand jury, contempt of court.

5. That the various parties to this action have participated in gross acts of prosecutorial and judicial misconduct in violation of the limitations placed upon them by Article 1 § 8, Clause 17 of the Constitution of the United States of America as de facto Judicial Officers.

6. That the fictitious Indictment filed with the UNITED STATES DISTRICT COURT on the Third (3rd) Day of January, 2014 under Case Number 14-00010 was not issued by a properly impanelled Grand Jury in violation of the Public Policy Federal Rules of Criminal Procedure ("FRCRP"), Rule 6.

7. That the fictitious Indictment filed with the UNITED STATES DISTRICT COURT on the Third (3rd) Day of January, 2014 under Case Number 14-00010 was not signed by the foreperson of the Grand Jury in violation of the Public Policy FRCRP, Rule 6(c).

8. That the fictitious Indictment filed with the UNITED STATES DISTRICT COURT on the Third (3rd) Day of January, 2014 under Case Number 14-00010 was not returned into open court by a Grand Jury in violation of the Public Policy FRCRP, Rule 6(f) which states:

> *(f) Indictment and Return. A grand jury may indict **only if at least 12 jurors concur**. The grand jury—or its foreperson or deputy foreperson—**must return the indictment to a magistrate judge in open court.** To avoid unnecessary cost or delay, the magistrate judge may take the return by video teleconference from the court where the grand jury sits. If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.[emphasis added]*

9.  That "open court" is defined in Black's Law Dictionary, Sixth Edition as follows: **Open court**. Common law requires a trial in open court; "open court" means a court to which the public have a right to be admitted. People v. Rose, 82 Misc.2d 429, 368 N.Y.S.2d 387, 390.

10. That a properly impanelled grand jury has failed to return a signed Administrative Office Form 190 ("AO 190") also known as RECORD OF THE NUMBER OF GRAND JURORS CONCURRING IN AN INDICTMENT, indicating there exists no record of the required number of 12 jurors having concurred on the fictitious Indictment.

11. That the fictitious Indictment lacks fact testimony under PUBLIC POLICY FRE, Rule 603, from a competent Fact Witness under FRE Rule 601 as an injured party with personal knowledge under FRE Rule 602, nor was there any testimony or evidence presented to a properly impanelled grand jury.

12. That the fictitious Indictment fails to establish the locus criminis through testimony by a competent fact witness to the alleged crime taking place inside the territorial and legislative jurisdiction of the District or establish a proper Venue, or Subject Matter Jurisdiction and cannot invoke the jurisdiction of the UNITED STATES DISTRICT COURT instead of a district court of the United States under PUBLIC POLICY Title 18 § 3231.

13. That the fictitious Indictment does not identify or contain a corpus delecti, victim, or injured party under PUBLIC POLICY Title 18 § 3663, Federal Rules of Criminal Procedure, Rule 60, and fails to state an offense or crime under PUBLIC POLICY Federal Rules of Criminal Procedure, Rule 12(3)(B).

14. That The Indictment contains a Fictitious Plaintiff THE UNITED STATES OF AMERICA who is Civiliter Mortuus or Civilly Dead and whose property is administered as a trust-fund for the benefit of its stockholders and creditors, including McTigue, Jennifer Ann.

15. That the use of a fictitious plaintiff is a contempt of court. The UNITED STATES OF AMERICA does not have the Capacity or Standing to prosecute or make a claim.

16. That the UNITED STATES OF AMERICA has been in a declared state of Insolvency or bankruptcy under Title 11 § 101 (32) of the Public Policy of June 5, 1933 as a Debtor in possession under the Public Policy of Title 11 of chapter 11 §§ 502(a), 509 (a) (A), 510(a) under a "Consent Receivership" as a "Voluntary Assignment" under a Subordination Agreement as a Notice of a Public-Authority Defense and Title 11 § 544(b) as a Reorganization acting as a Trustee to the Bankrupt Estate under the Public Policy Law of Chapter 48 , 48 stat. 112 [ 73rd Session Of Congress June 5th, 1933 ] also House Joint Resolution 192  48 Stat. Chapter 48 page 112  of June 5, 1933.

*TITLE 11 § 101(32) The term "insolvent" means--*

*with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of…*

17. That the sworn statements of Unregistered Foreign Agent, Ken Sorenson, dated the Seventh (7th) Day of January, 2014 in his DECLARATION OF KENNETH M. SORENSON, Paragraph 2, and filed in Case Numbers 14-0029 BMK, 14-0030 BMK, 14-0031 BMK, 14-0034 BMK, 14-0035 BMK, 14-0036 BML, 14-0038 BMK, 14-0047 BMK, 14-0048 BMK, 14-0049 BMK, 14-0050 BMK admits that the matters have not been presented to the grand jury for indictment as follows:

*"I am informed and believe that said investigation is ongoing and will continue beyond the date of service of the warrant and filing of the return thereon **until the matter is presented to the grand jury for indictment** or other disposition."* [emphasis added]

18. That the **admission**, made under penalty of perjury and the provisions of FRCP Rule 11, by Kenneth M. Sorenson on the Seventh (7th) Day of January, 2014, **provides clear and convincing evidence** for mandatory judicial notice under FRE Rule 201 and FRE Rule 1007, that no grand jury was impanelled to return an indictment on the Third (3rd) Day of January, 2014.

19. That the indictment recorded with the Court on the Third (3rd) Day of January, 2014 was unlawful, a fraud and contempt of court, and led to the unlawful arrest of JENNIFER ANN MCTIGUE® and the unlawful seizure of property.

20. That the **admission**, under oath, of Kenneth M. Sorenson on the Seventh (7th) Day of January, 2014 of the failure to impanel and make presentment to a grand jury is a flagrant violation of the limitations placed upon the de facto prosecution by the Fourth, Fifth and Sixth Amendments to the Constitution. The Fifth Amendment states:

*No person shall be held to answer for a capital, or otherwise infamous crime, **unless on a presentment or indictment of a Grand Jury**, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*

21. That the indictment recorded with the Court on the Third (3rd) Day of January, 2014 was unlawful, a fraud and contempt of court, and led to the unlawful arrest of JENNIFER ANN MCTIGUE® and the unlawful seizure of property.

22. That prima facie evidence of the failure to impanel a grand jury, Illegal selection or organization of the grand jury, disqualification of individual grand jurors, presence of unauthorized persons in the grand jury room, other irregularities in grand jury proceedings, defects in indictment or information other than lack of jurisdiction or failure to state an offense has been established and are subject to challenge under PUBLIC POLICY Title 28 § 1867(a).

23. That these defenses and objections have not been waived, and the United States has failed to, and refuses to, provide evidence pursuant to 28 U.S.C. § 1867(f) as requested in January of 2014 with second request made August 20, 2014.

24. That the actions of Nick Baron and Kenneth M. Sorenson constitutes Prosecutorial and Judicial Misconduct, subject to the dismissal of the indictment by way of Public Policy, Federal Rules of Criminal Procedure, Rule 12(b)(3)(A).

25. That the fictitious and colorable "Indictment", has never been certified under oath into the record as called for by McTigue, Jennifer Ann on July 22, 2014, has never been returned in open court pursuant to Public Policy and the Fourth, Fifth and Sixth Amendments, and violates FRCRP, Rules 6, 7, 12 and 60, Public Policy Title 18 § 3663, PUBLIC POLICY Title 28 § 1867(e).

26. That failure to certify the fictitious "Indictment" on the record as called for by McTigue, Jennifer Ann on July 22, 2014 was a flagrant violation of the Sixth Amendment to the Constitution which states:

> *In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, **and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him**; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.[emphasis added]*

27. That the act of demanding the charges be certified on the record caused Judge Barry M. Kurren to admonish McTigue, Jennifer Ann for asserting her unalienable rights and demanding to be properly informed of the charges and to face her accuser.

28. That the actions of Judge Barry M. Kurren, advocating for the de facto prosecution, are open and ongoing violations of the limitations placed upon him by the Fourth, Fifth and Sixth Amendments exposing further judicial misconduct.

## II. Evidence Of Unlawful Search And Seizure

29. That Nick Baron, without involvement of the United States Attorney, delivered a subpoena to obtain the private electronic communications of McTigue, Jennifer Ann in violation of PUBLIC POLICY Title 18 § 2703(b)(1)(A) and 2703(b)(1)(B) and the Fourth Amendment, without the notice in violation of PUBLIC POLICY Title 18 § 2705.

30. That **no notice** has ever been provided to McTigue, Jennifer Ann as required by PUBLIC POLICY Title 18 § 2703(b)(1)(B) or § 2705 making the subpoena invalid and all evidence obtained fruit of the poisonous tree obtained unlawfully.

31. That the unlawful search and seizure was in violation of the Fourth Amendment and PUBLIC POLICY Title 18 § 2711 which requires a warrant to be issued by a "court of competent jurisdiction defined as follows:

> (3) the term "court of competent jurisdiction" includes—
> (A) any **district court of the United States** (including a magistrate judge of such a court) or any United States court of appeals that—
> (i) has jurisdiction over the offense being investigated;
> (ii) is in or for a district in which the provider of a wire or electronic communication service is located or in which the wire or electronic communications, records, or other information are stored; or
> (iii) is acting on a request for foreign assistance pursuant to section 3512 of this title; or

32. That the UNITED STATES DISTRICT COURT lacks jurisdiction to issue warrants, and no warrant has issued from an ARTICLE III § 2, district court of the United States, violating PUBLIC POLICY and the Fourth Amendment.

33. That all evidence obtained by grand jury subpoena, without mandatory **notice not to exceed 90 days**, or a valid warrant issued by the only court of competent jurisdiction, a "district court of the United States", is fruit of the poisonous tree and must be suppressed. *Silverthorne Lumber Company v. United States, 251 U.S. 385 (1920)*

34. That Nick Baron used the fruits of his unlawful seizure to further his prosecutorial misconduct and vindictive prosecution and to induce further Judicial Misconduct.

35. That the AGENT'S AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT ("Affidavit") prepared and signed by Nick Baron on the Seventh (7th) Day of January, 2014 to obtain property Seizure Warrants, lacks evidence of competent fact testimony made under oath in violation of the Fourth Amendment of the Constitution.

36. That testimony given in the presence of Magistrate Judge Barry M. Kurren in the improper venue UNITED STATES DISTRICT COURT, was derived from the fruit of an unlawful seizure, was not taken on the record, and the Court failed to produce the transcript or recording to the clerk in violation of Public Policy FRCRP, Rule 41(d)(2)(c).

37. That Nick Baron, an alleged FBI AGENT is an Unregistered Foreign Agent who is not a citizen of the united states nor is he a Government Agent or Employee of the United States, who lacks authority to act on behalf of Plaintiff THE UNITED STATES OF AMERICA with an Oath of Office under THE PUBLIC POLICY of Title 22   §§ 611 (b)(1)(c) (1) (i)-(iv) and 612, is exceeding his authority under His Mission Statement, and

His unsworn Testimony is based on incompetency under Federal Evidence Rules 601, lacks Personal Knowledge under Rule 602, unsworn statements or affidavits, Rule 603.

38. That the testimony of Nick Baron is Hearsay under Federal Evidence Rule 801, 802, does not fall within the Hearsay Exception of Rule 803, and is Hypothetical and Conjectural, based upon unfounded legal conclusions without authority or determination by a court, is based upon facts not in evidence and is not admissible as evidence under the PUBLIC POLICY Federal Rules of Evidence.

39. That the witness statement is without competent fact testimony under FRE Rule 601, lacks first hand knowledge of an injured party under FRE Rule 602, and is not sworn testimony as required by the Fourth Amendment which states:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. [emphasis added]*

## III. Evidence of Vindictive Prosecution

40. That Nick Baron has vindictively singled out McTigue, Jennifer Ann to harass, intimidate and to unlawfully seize her private property while not seizing the property of Defendant SAKARA BLACKWELL in a similar manner.

41. That Nick Baron, on August 19, 2013, violated my privacy by appearing at my house in an attempt to ask questions and to intimidate me into surrendering my unalienable rights, violating the limitations placed upon him by the Fifth Amendment.

42. That I exercised my unalienable rights not to be compelled to answer the questions of Nick Baron and informed him that he was operating outside of his territorial and legislative jurisdiction and His Mission Statement.

43. That Nick Baron responded by threatening me that if I did not cooperate he "would return in the middle of the night to put me in chains in front of my young children", an act of coercion outside the limitations placed upon him by the Fifth Amendment and His Mission Statement.

44. That Nick Baron used the exercise of my unalienable rights as reason to vindictively humiliate me through public ridicule, abusive arrest and seizure in violation of Public Policy and in a manner inconsistent in how they dealt with Defendant SAKARA BLACKWELL.

45. That Nick Baron eventually followed through with his promise by unlawfully seizing McTigue, Jennifer Ann, under mistaken identity, instead of JENNIFER ANN MCTIGUE® and the contents of my house on January 8, 2014 through a warrant obtained by the fictitious Indictment and the fruits of the previous unlawful seizure.

46. That my request to change my clothes and brush my teeth before being taken into custody was denied when Nick Baron stated: "*You don't get to do anything. I told you this day was coming and you refused to talk to me.* "

47. That the statement made by Nick Baron was his direct admission that by exercising my unalienable rights and informing him of the limitations placed upon him by the Fifth Amendment, he chose to subject me to torture, humiliation and ridicule.

48. Nick Baron continued with his unconstitutional verbal abuse and ridicule, attempting to coerce me in violating my unalienable rights and his limitations of the Fifth Amendment during the arrest on January 8, 2014 when he stated:

"*You need to tell me the truth!  You need to tell me the truth!  You are lying.*"

49. That Nick Baron was once again notified by me that he was in possession of exculpatory evidence that I had given to him proving that the Instruments were valid and had been accepted and used by the bank parties, as evidence of indemnity.

## IV. Secreting Exculpatory Evidence and Notice of a Disclosure Statement under Public Policy, Federal Rules of Criminal Procedure, Rule 12.4.

50. That the United States Department of Justice is responsible for oversight of the United States Standard General Ledger ("USSGL"), which must be maintained at a "transaction level" pursuant to Office of Management and Budget ("OMB") Circular A-127, and Lieber Code Article 38, and contains exculpatory evidence in defense of the allegations couched as unfounded legal conclusions made by Nick Baron.

51. That I, McTigue, Jennifer Ann, Judicially Notice the UNITED STATES DISTRICT COURT and the UNITED STATES ATTORNEY GENERALS OFFICE that the USSGL contains all transaction level records of the United States Government and all agencies thereof, inclusive of the United States Treasury and Federal Reserve, and includes the Money Net Daily Transaction Log Report which are readily accessible by the DOJ and have been used by the DOJ in other matters. Newby v. Enron Corp. SEE [In re Enron Corp. Sec. Derivative & "ERISA" Litig.), 529 F. Supp. 2d 644 as Part of Enron Taskforce posted on U.S. ATTORNEY GENERAL WEBSITE INVOLVING MONETNET DAILY TRANSACTION LOG REPORTS showing the Source and Target Banks that Funded the Enron Scandal ].

52. That the USSGL contains all transaction level records of the United States Government and all agencies thereof, inclusive of the United States Treasury and Federal Reserve, and includes the Money Net Daily Transaction Log Report which are readily accessible by the DOJ and have been used by the DOJ in other matters.

53. That the information in the Money Net Daily Transaction Log Reports and the USSGL sub accounts, directly contradict the incompetent fact testimony of Nick Baron that the properties are encumbered by valid liens and obligations.  SEE [In re Enron Corp. Sec. Derivative & "ERISA" Litig.), 529 F. Supp. 2d 644 as Part of Enron Taskforce posted on U.S. ATTORNEY GENERAL WEBSITE INVOLVING MONETNET DAILY TRANSACTION LOG REPORT] showing the Source and Target Banks that Funded the Enron Scandal.

54. That the ATTORNEY GENERAL and the Fictitious Plaintiff the UNITED STATES OF AMERICA is required by U.S. PATRIOT ACT to reveal the source of the funds by filing Currency Transaction Reports, Currency and Monetary Instrument Transportation Forms CMIR's under §§ 5311 et seq. of 31 U.S.C. of THE BANK SECRECY ACT and 31 CFR § 103.11 regulations et seq., under the U.S. PATRIOT ACT and SEC Rule 17a-3, 17a-4, 17a-5, 17a-6, 17a-7, which applies to all broker-dealers, incorporates the requirements of the Bank Secrecy Act to file reports and maintain records  showing the source of the funds that allegedly funded and perfected the Mortgage Loan Applications, Promissory Notes and securing The Homeowners Real Property under the subject Deeds of Trust.

55. That the USSGL records contain audit trails and accounting cross-walks to the Money Net Daily Transaction Log Reports to reflect the source of funds for each of the alleged transactions involving the original escrows by the prior owners, the transaction records of the instruments tendered by McTigue, Jennifer Ann, and the transaction records of the use of the instruments by the lending institution parties.

56. That the United States is responsible for the transaction level oversight of all financial institutions by and through various regulatory agencies and maintains in its possession exculpatory evidence that no injured party or victim can be proven.

57. That the information in the Money Net Daily Transaction Log Reports and the USSGL sub accounts, directly contradict the incompetent fact testimony of Nick Baron that the properties are encumbered by valid liens and obligations.

58. That Nick Baron was provided exculpatory evidence that Instrument # 13082370 was accepted, endorsed and pledged by Wells Fargo into a US Government Sponsored Enterprise, Fannie Mae REMIC Trust # 2013-84, Class CS, CUSIP # 3136AF5P5, on or before July 31, 2013. These records are in the custody and control of a US Government sponsored enterprise and discoverable.

59. That the United States is in possession of evidence that the supervisory agent of Nick Baron, and agent by the name of Kepa, reviewed the administrative process and instruments in question prior to the submission to the banking institutions.

60. That Kepa informed government witness Marshal Wells it was civil process, not criminal conduct and that he was safe to submit the administrative process.

61. The United States has ratified the administrative process, which Nick Baron calls "bogus" in his incompetent testimony, with intent to vindictively prosecute McTigue, Jennifer Ann for not surrendering her unalienable rights.

62. That such activity by agents of the United States constitutes estoppel by entrapment with knowledge to prevent injury by the Government.

63. That the de facto case agent for the de Facto Plaintiff the UNITED STATES OF AMERICA, Nick J. Baron, filed Applications for a Search Warrants and an Affidavit in Support of Search Warrant in Magistrate Cause Number: MAG. NO. 14-0029 BMK  on 01/07/2014. Mutual Trust Life Insurance Policy # 001139725A, Mutual Trust Life Insurance Policy # 001141329A  Magistrate Cause Number: MAG. NO. 14-0030 BMK, Massachusetts Life Insurance Policy # 21016084,  Magistrate Cause Number: MAG. NO. 14-0031 BMK, NORTHWEST MUTUAL SERVICE ACCT. # 13777171 CASE # MAGISTRATE NO. 14-0034, NORTHWEST MUTUAL SERVICE ACCT. # 12953801 Magistrate Cause Number: MAG. NO. # 140035 BMK, NORTHWESTERN MUTUAL INSURANCE SERVICE ACCT: # 20249890 Magistrate Cause Number: MAG. NO. # 140036 BMK, USAA FEDERAL SAVINGS BANK ACCOUNT # 25639390,  Magistrate Cause Number: MAG. NO. # 14-0038 BMK, ONE SINGLE LEVEL RESIDENCE LOCATED AT 5234 KEAKEALANI STREET, HONOLULU, Magistrate Cause Number: MAG. NO. # 1400047, ONE WHITE HONDA MINI-VAN WITH LICENSE PLATE RYW993 AND VEHICLE IDENTIFICATION NUMBER (VIN) 5FNRL5H64DBO53411, Magistrate Cause Number: MAG. NO. # 14-0048 BMK, SAFE DEPOSIT BOX # 787, LOCATED AT THE AINA HINA BRANCH OF FIRST HAWAIIAN BANK, 820 HIND DR. STE 129, HONOLULU, HAWAII Magistrate Cause Number: MAG. NO. # 14-0050 BMK.

64. That I am requesting judicial notice under FRE Rule 201 of the Affidavits of Nick Baron in **each case** listed above.

65. That In issuing the Administrative Grand Jury Subpoena, de facto Agent Nick Baron did not obtain written certification of a supervisory official that there is reason to believe that notification of the existence of the subpoena warranted delayed notice.

66. That I am requesting judicial notice under FRE Rule 201 of the Attached Exhibit 2, a copy of the DECLARATION OF KENNETH M. SORENSON.

67. That United States Magistrate Barry M. Kurren issued the Magistrate Cause Number: MAG. NO. 14-0029 BMK, Search and Seizure Warrant on Case 14-0030 BMK on 01/08/2014, Magistrate Cause Number: MAG. NO. 14-0030 BMK, Magistrate Cause Number: MAG. NO. 14-0031 BMK, , MAGISTRATE NO. 14-0034 BMK, Magistrate Cause Number: MAG. NO. # 140035 BMK, Magistrate Cause Number: MAG. NO. # 140036 BMK, Magistrate Cause Number: MAG. NO. # 14-0038 BMK, Magistrate Cause Number: MAG. NO. # 1400047, , Magistrate Cause Number: MAG. NO. # 14-0048 BMK, Magistrate Cause Number: MAG. NO. # 14-0050 BMK.

68. That I am requesting judicial notice under FRE Rule 201 of the warrants issued by Judge Barry M. Kurren in Case Numbers listed above.

69. That the fictitious plaintiff the UNITED STATES OF AMERICA is not a Government Entity, Corporation, Company, Individual or Trust and is Without the UNITED STATES under Title 28 § 1746 (1) and has no Legal Authority or Subject Matter, Territorial or Legislative Jurisdiction, or In Personam Jurisdiction to Prosecute the fictitious Defendant JENNIFER ANN MCTIGUE® who is neither identified, described or defined in any Legal Document or Paper Work in the Court Record.

70. That the fictitious Seizure Warrants are not supported or evidenced by a Sworn Affidavit under Title 28 § 1746 (1), are not supported or evidenced by Sworn Testimony before a Magistrate Judge Federal under Criminal Rule 41 (a)(d)(1)(2)(A)(B)(C), Testimony was not recorded by a Court Reporter, nor was there a Transcript or Recording filed with the clerk by the judge or Affidavit in violation of Federal Criminal Rule 41 which states: .

> *Rule 41. Search and Seizure*
> *(a);*
> *(2) Requesting a Warrant in the Presence of a Judge.*
> *(A) Warrant on an Affidavit. When a federal law enforcement officer or an attorney for the government presents an affidavit in support of a warrant, the judge may require the affiant to appear personally and may examine under oath the affiant and any witness the affiant produces.*
> *(B) Warrant on Sworn Testimony. The judge may wholly or partially dispense with a written affidavit and base a warrant on sworn testimony if doing so is reasonable under the circumstances.*
> *(C) Recording Testimony. **Testimony taken in support of a warrant must be recorded by a court reporter or by a suitable recording device, and the judge must file the transcript or recording with the clerk, along with any affidavit**.*

71. The *Ex parte* Motion of KENNETH SORENSON AT PAGE 37 OF THE TOP PAGE of all Documents, Exhibit 2, Seizure Warrants contain a Notice that states:

SEALED BY ORDER OF THE COURT
WARNING: THIS DOCUMENT IS SEALED BECAUSE IT CONTAINS
NON-PUBLIC INFORMATION

72. That I, McTigue, Jennifer Ann, Judicially Notice the fictitious Prosecutors operating as Trustees de Son Tort, KENNETH M. SORENSON Assistant U.S. Attorney, FLORENCE T. NAKAKUNI # 2286, LESLIE E. OSBORNE, JR. # 3240, and the de facto UNITED STATES DISTRICT COURT DISTRICT OF HAWAII under FRE Rule 201, 404, 901, 902, 903 and 1007, that 5 CFR § 2635.703 Use of nonpublic information only

applies to or prohibits private financial transactions by Government Employees using nonpublic information.

73. That a Grand Jury Indictment is not a Private Financial Transaction using nonpublic information nor is this listed in this Section. A Financial Transaction is Civil not Criminal and is not covered under 5 CFR § 2635.703.

74. The above named individuals cannot use the provisions of the Privacy Act and Title 5 to exempt themselves from disclosure of these matters in relation to the alleged criminal conduct and exculpatory evidence. *See Brady v. Maryland, 373 U.S. 83*

75. That the above named Individuals are misapplying the Law to cover up their fraudulent use of Grand Jury Inducements. Additionally, Mortgage Information and Loans are Public Information and are not subject to non-disclosure as non-public information. 5 C.F.R. § 2635.703 states:

> *5 CFR § 2635.703 Use of nonpublic information;*
>
> *(a) Prohibition. An employee shall not engage in a financial transaction using nonpublic information, nor allow the improper use of nonpublic information to further his own private interest or that of another, whether through advice or recommendation, or by knowing unauthorized disclosure.*
>
> *(b) Definition of nonpublic information. For purposes of this section, nonpublic information is information that the employee gains by reason of Federal employment and that he knows or reasonably should know has not been made available to the general public. It includes information that he knows or reasonably should know:*
>
> *(1) Is routinely exempt from disclosure under 5 U.S.C. 552 or otherwise protected from disclosure by statute, Executive order or regulation;*
> *(2) Is designated as confidential by an agency; or*
> *(3) Has not actually been disseminated to the general public and is not authorized to be made available to the public on request.*

76. That under the provisions of PUBLIC POLICY Title 5 § 552 and 5 CFR, criminal files are exempt from the amendment provision of the Privacy Act. 28 C.F.R. § 16.81(a)(4) [184]  (exempting Criminal Case Files (JUSTICE/USA-007) from subsection (d) of the Privacy Act); 28 C.F.R. § 16.81(b)(3) and do not fall within the non-public, non-discloser provisions of 5 CFR § 2635.703. *See Jimenez v. Exec. Office for United States Attys., 2011 U.S. Dist. LEXIS 15346.*

"The U.S. attorneys office showed its search of its Legal Information Network System and the requestor's criminal case file was reasonable. It also took the extraordinary step of obtaining the superseding indictment from the court. It produced the document requested and identified by case name, case number, court, and docket number. Even if there were a "forged" third superseding indictment in the agency's files, expungement of that document was not available under the Privacy Act, as 28 C.F.R. § 16.81(a)(4) exempted criminal files the Privacy Act's amendment provision."

77. The UNITED STATES DISTRICT COURT DISTRICT OF HAWAII is not a district court of the United States under Article III § 2 or under Title 18 § 3231 nor is it a court of competent jurisdiction under 18 USCS § 2711 and lacks criminal jurisdiction under Public Policy.

78. That due to the prosecutorial and judicial misconduct evidenced herein, I am entitled to an Order from the Court that the parties return all Property, Real and Personal, to McTigue, Jennifer Ann immediately.

79. That I am entitled to an Order from this Court suppressing all evidence obtained by Nick Baron and the Prosecution through the unlawful grand jury subpoena as fruit of the poisonous tree.

80. That I am entitled to an Order from this Court suppressing all evidence obtained by Nick Baron and the Prosecution through the unlawful search and seizure warrants issued by Judge Barry M. Kurren as fruit of the poisonous tree, and for an Order that the parties return all Property, Real and Personal, to McTigue, Jennifer Ann immediately.

81. That I am entitled to Declaratory Judgment from this Court that the UNITED STATES DISTRICT COURT DISTRICT OF HAWAII and MAGISTRATE BARRY M. KURREN is and was acting without Subject Matter and In Personam Jurisdiction, when He signed the Fictitious, Search and Arrest Warrants without Probable Cause.

82. That I am entitled to Declaratory Judgment from this Court that the above de facto Officers and Unregistered Foreign Agents/Employees of the U.S. Attorney General Office a.k.a. the Alien Property Custodian, acting under color of law, are liable for Contribution and Indemnity to McTigue, Jennifer Ann for False Arrest, False Imprisonment, Impersonating Judicial Officers and for forging Legal and Judicial Documents under Color of Law in the Principle amount of 10,000,000.00 U.S. DOLLARS.

83. That this Court, as a matter of record, should issue declaratory judgment that the use of JENNIFER ANN MCTIGUE®, by the Parties Named herein, is a violation of PUBLIC POLICY for infringement of intellectual property rights and that the parties have waived immunity under PUBLIC POLICY Title 15 § 1122.

84.    That the UNITED STATES OF AMERICA, the UNITED STATES, and Foreign Agents Nick Baron, Kenneth M. Sorenson et al, can provide no evidence, and there exist no evidence before the Court, that McTigue, Jennifer Ann has any further obligation to contractually perform in this matter.

Further Affiant Sayeth Naught.

Dated:  this _28_ th  day of August, 2014

By _____
McTigue, Jennifer Ann
All Rights and Remedies Reserved

NOTARY ACKNOWLEDGMENT

state of Hawaii                               }
                                              }   ss
Diocese of Honolulu, Hawaii                   }

Subscribed and Sworn to me this 28 day of August, 2014

_____
Notary Public

My Commission Expires_____

Brandon Agena
Notary Public, State of Hawaii
My commission expires:
April 7, 2017

Doc. Date: 28 Aug 14          # Pages: 21
Notary Name: Brandon Agena       First Circuit
Doc. Description: Affidavit in Support
& omnibus motion to suppress

_____  28 Aug 14
Notary Signature             Date