UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATE OF AMERICA, | CR. NO. 14-00010 HG |
| Plaintiff, | MEMORANDUM OF LAW |
| vs. | |
| JENNIFER McTIGUE,           (01) | |
| Defendant. | |

## MEMORANDUM OF LAW

A defendant has a constitutional right of self-representation. *Faretta v. California*, 422 U.S. 806 (1974).  In order to exercise this right, the defendant must knowingly, intelligently, and voluntarily relinquish her Sixth Amendment right to counsel. *Id.*, at 835.

A defendant cannot be forced to choose between incompetent counsel and no counsel.  *Crandell v. Burnell,* 144 F.3d 1213, 1216 (9th Cir. 1998), *overruled in part on other grounds, Shell v. Witek,* 218 F.3d 1017, 1025 (9th Cir. 2000).  When a defendant's waiver of her right to counsel is coerced by ineffective assistance of counsel, then it is not voluntary.  *See Williams v. Stewart*, 441 F.3d 1030, 1047 (9th Cir. 2006) (citing *Crandell*).

In this case, Ms. McTigue agreed with United States Magistrate Judge Barry M. Kurren's advice that self-representation is "not the course that . . . one would

ordinarily want to take in a case like this" (*see Transcript of Faretta Hearing,* Doc. 61, p.7).  Ms. McTigue further stated: "I haven't met an attorney yet who has a comprehension of what's really going on here.  So I'm the most competent defendant possible right now" (*Id.,* at 13).  Based on Ms. McTigue's statements at her *Faretta* hearing, as well as information set forth in the Sealed, *In Camera* Declaration of Standby Counsel submitted concurrently herewith  (hereinafter "*In Camera* Declaration"), undersigned counsel respectfully asks the Court to determine whether Ms. McTigue's waiver of her right to counsel is being coerced by ineffective assistance of counsel.

A defendant has a constitutional right to represent herself, *or* to effective assistance of counsel, but *not both.  Faretta,* 422 U.S. at 834-35 and n.46.  When a defendant's request to represent herself is accompanied by insistence that the court appoint advisory or standby counsel, such defendant may not have relinquished her right to counsel.  In *U.S. v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994), the Ninth Circuit rejected the defendant's argument that the district court's denial of his public defender's motion to withdraw deprived the defendant of his constitutional right of self-representation, reasoning that since the defendant's requests to represent himself were always accompanied by requests that the district court appoint advisory or standby counsel, the defendant never relinquished his right to counsel.  *See also U.S. v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996)

(*discussing Kienenberger*).  In light of these cases, and based on information set forth in the *In Camera* Declaration, undersigned standby counsel respectfully requests that the Court clarify the role of standby counsel, in order to ensure that Ms. McTigue understands that as long as she continues to assert her right of self-representation, she likewise continues to relinquish her right to counsel.

A defendant does not have a constitutional right to standby or advisory counsel.  *U.S. v. Moreland*, 622 F.3d 1147, 1155 (9th Cir. 2010); *U.S. v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996); *U.S. v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994).  Nonetheless, one role of standby counsel can include: "to aid the accused if and when the accused requests help." *Faretta,* 422 U.S. at 834-35, n.46*.*

In *U.S. v. Cochrane,* 985 F.2d 1027, n.1 (9th Cir. 1993), the Ninth Circuit found it unnecessary to decide whether a *pro se* defendant might ever challenge effectiveness of assistance received by standby counsel, because the circumstances of that case did not warrant an exception to the *Faretta* rule that: "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta,* 422 U.S. at 834-35, n.46; *McKaskle v. Wiggins,* 465 U.S. 168, 177 (1984) (quoting *Faretta*).  Numerous other courts have held that since a pro se defendant does not have a constitutional right to standby counsel, she cannot bring a cognizable claim of ineffective assistance of standby counsel.  *See e.g., U.S. v. Oliver,* 630 F.3d 397,

413-14 (5th Cir. 2011); *U.S. v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998); S*impson v. Battaglia,* 458 F.3d 585, 597 (7th Cir. 2006). *See also Williams v. Stewart*, 441 F.3d 1030, 1047, n.6 (9th Cir. 2006) (stating, arguably in *dicta*, that defendant who made voluntary decision to represent himself could not make free-standing claim of ineffective assistance of standby counsel).

Based on information set forth in the *In Camera* Declaration, undersigned standby counsel respectfully requests that the Court clarify the role of standby counsel in order to make clear that it does not include the duty to render effective assistance of counsel.  Indeed, the role of standby counsel includes the duty not to encroach on the defendant's right of self-representation. *Moreland*, 622 F.3d at 1157 (district judge explained that based on defendant's representations that he wished to represent himself, standby counsel was prohibited from contributing beyond a basic level to defendant's case, for risk of encroaching on defendant's *Faretta* rights).

Undersigned standby counsel further respectfully requests that in clarifying her role on the record, it be made clear that Ms. McTigue has not been guaranteed any specific level of participation by standby counsel.  This is necessary to ensure that Ms. McTigue does not perceive her waiver of her right to counsel to be contingent on any level of participation she expects from standby counsel.  *See Moreland*, 622 F.3d at 1155-57 (rejecting defendant's argument that waiver of

- 4 -

right to counsel was conditioned on district court's assurances regarding level of assistance defendant could expect to receive from standby counsel and therefore involuntary, reasoning that district court did not promise any specific degree of assistance of standby counsel).

Finally, undersigned standby counsel respectfully requests clarification as to her respective duties to the Defendant and to the Court.  At the *Faretta* hearing, United States Magistrate Judge Barry M. Kurren informed Ms. McTigue as follows (Doc. 61, p.12-13):

> THE COURT:  . . . [Y]ou must understand that standby counsel is not like having counsel.
> THE DEFENDANT:  Right.  I get that.
> THE COURT:  So that he may be there to answer some questions at different times, but he's not actually representing you in the course of the trial --that's the biggest point that you need to be clear on – but to assist in case the court does have questions.

One role of standby counsel surely is: "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of a defendant's achievement of his own clearly indicated goals."  *McKaskle v. Wiggins,* 465 U.S. 168, 184 (1984).  "A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure.  Nor does the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course."  *Id.*, at 183-84.   Therefore, courts

have inherent authority to appoint standby counsel to serve exclusively on behalf of the court to protect the integrity and continuity of the proceedings.  In this circumstance, standby counsel does not represent the defendant. *See Guide to Judiciary Policies and Procedures*, Volume 7, Chapter 2, Sec. 220.55.30.

However, another role of standby counsel can include: "to aid the accused if and when the accused requests help." *Faretta,* 422 U.S. at 834-35 n.46.  Therefore, courts also have discretion to appoint standby counsel to render actual advisory assistance to the defendant.  *See Guide to Judiciary Policies and Procedures*, Volume 7, Chapter 2, Sec. 220.55.20; *Moreland*, 622 F.3d at 1155.  As explained in the *In Camera* Declaration, undersigned standby counsel has provided such advisory assistance.

Based on information set forth in the *In Camera* Declaration, and in light of United States Magistrate Judge Kurren's statement that standby counsel does not represent Ms. McTigue, as well as standby counsel's duty, at least in part, to protect the integrity and continuity of the proceedings, it is respectfully requested that undersigned standby counsel's respective duties to the Defendant and the Court be clarified on the record.

For the foregoing reasons, and based on the information set forth in the *In Camera* Declaration, undersigned standby counsel respectfully requests that her role as standby counsel be clarified.  As explained above, such clarification is

necessary in order to ensure that Ms. McTigue's continued waiver of her right to

counsel is not being coerced by ineffective assistance of counsel, or contingent

upon any level of participation she expects to receive from standby counsel.

    DATED:  Honolulu, Hawai`i, April 8, 2015.

            Respectfully submitted,

             /s/  Lynn E. Panagakos
            LYNN E. PANAGAKOS

            STANDBY COUNSEL FOR PRO SE
            DEFENDANT JENNIFER McTIGUE